**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIM L. MAYS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-1014** |
| **BOARD OF COMMISSIONERS PORT OF NEW ORLEANS, et al.** | **SECTION: "G"(3)** |

## ORDER

Before the Court are two motions: (1) Defendants Board of Commissioners, Port of New Orleans' (the "Port") and Ryan Bylsma's ("Bylsma") (collectively, "Port Defendants") "Rule 12(b)(6) Partial Motion to Dismiss;"[1] and (2) Defendant Armand Rodriguez's ("Rodriguez") "Motion to Dismiss for Failure to State a Claim."[2]  Having considered the motions, the memoranda in support and in opposition, the original and amended complaints, and the applicable law, the Court will grant both motions.

## I. Background

### A.    *Factual Background*

According to the original complaint in this matter,  Plaintiff Kim Mays is an African-American female and veteran of the United States Army who suffers from post-traumatic stress disorder ("PTSD").[3]  She filed this lawsuit against her employer, the Port, as well as against two Port employees:  Ryan Bylsma ("Bylsma") and Armand Rodriguez ("Rodriguez") (collectively, "Defendants"). She does not state in her original or amended complaints whether she names Bylsma

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 36.

[3] Rec. Doc. 1.

and Rodriguez in their individual and/or official capacities.

Plaintiff alleges that Defendants violated her rights pursuant to 42 U.S.C. §§§ 1981, 1983, and 1985; Title VII; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); and Louisiana state discrimination statutes. She additionally brings causes of action for intentional infliction of emotional distress ("IIED") and for conspiracy.

Specifically, Plaintiff alleges in her original complaint that in July 2011, an "inappropriate sexually oriented remark" was made to her by Rodriguez. She states that she reported the incident to her immediate supervisor, but claims that "the only actions taken by the Port's management was [sic] to counsel Mr. Rodriguez and request that he apologize."[4] Plaintiff next asserts that on November 23, 2013, Rodriguez sent her "an inappropriate e-mail that was sexual in nature," which she reported to Bylsma, who was her supervisor at the time, as well as other individuals at the Port.[5] According to the complaint, "[t]he Port failed to remove Mr. Rodriguez from proximity to Ms. Mays in the workplace and failed to take other immediate and appropriate corrective action because Mr. Rodriguez is Caucasian and Ms. Mays is African-American."[6]

Plaintiff contends that she sought medical treatment on December 4, 2013 for PTSD exacerbated by a hostile work environment. According to the original complaint, she was released to return to work on December 23, 2013, and her physician "requested that the Port provide Ms. Mays with a reasonable accommodation by allowing Ms. Mays to work from home or removing her

---

[4] *Id.* at pp. 3–4.

[5] *Id.* at p. 4.

[6] *Id.*

harasser [sic] from the workplace."[7] Plaintiff alleges that the Port failed to provide reasonable accommodations, and also failed to designate her leave as FMLA leave.[8]

Plaintiff additionally alleges in her original complaint that she filed a charge with the EEOC on December 4, 2013. She alleges that, in retaliation for filing that charge, the Port  issued a "pre-deprivation notice recommendation for a non-disciplinary removal," removed her name plate from her office door, packed her personal items from her office, removed her name from the organizational chart, and conspired to place her in a shared office.[9]  She asserts that the pre-deprivation notice was rescinded on January 16, 2014.[10]

**B.      *Procedural Background***

Plaintiff filed the original complaint in this matter on May 2, 2014.[11]  On June 17, 2014, the Port Defendants filed a "Rule 12(b)(6) Partial Motion to Dismiss."[12]  In a March 18, 2015 Order, the Court: (1) dismissed Plaintiff's Title VII and ADA claims against Bylsma in his individual and official capacities; (2) dismissed Plaintiff's state law discrimination claims against Bylsma; (3) granted Plaintiff leave to amend her complaint to allege Title VII and ADA claims against the Port;

---

[7] *Id.* at p. 5.

[8] *Id.*

[9] *Id.* at p. 6.

[10] *Id.*

[11] Rec. Doc. 1.

[12] Rec. Doc. 8.  Port Defendants moved to dismiss Plaintiff's purported Title VII, ADA, and state law discrimination claims against Bylsma, Plaintiff's Section 1983, conspiracy, punitive damages, and intentional infliction of emotional distress claims against both Port Defendants, and Plaintiff's Title VII and ADA claims against the Port for which Plaintiff failed to exhaust administrative remedies. Defendant Rodriguez did not join in the Port Defendants' June 17, 2014 Motion to Dismiss.

(4) granted the Plaintiff leave to amend her complaint to sufficiently allege her intentional infliction of emotional distress ("IIED") claims against the Port and Bylsma; (5) granted Plaintiff leave to amend to sufficiently allege her conspiracy claim under sections 1981 and 1985 against the Port and Bylsma; (6) granted Plaintiff leave to amend to  sufficiently allege her section 1983 claim against the Port and Bylsma; (7) dismissed Plaintiff's request for punitive damages under the ADA, section 1981, Title VII, section 1983, and section 1985 against the Port; (8) dismissed Plaintiff's claim for punitive damages against Bylsma under Title VII and the ADA; and (9) dismissed Plaintiff's claim for punitive damages under the Family and Medical Leave Act ("FMLA") and Louisiana state law against the Port and Bylsma.[13] In its Order, the Court granted Plaintiff ten days to amend her complaint and instructed that, if she chose to do so, she must "specifically allege the capacity in which she is suing both Bylsma and Rodriguez."[14]  The Court stated that if the Plaintiff failed to amend or failed "to provide sufficient factual support for each element of each allegation, then the Court will dismiss with prejudice the foregoing claims."[15]

On March 27, 2015, Plaintiff filed her first amended complaint, which adopts the allegations of the original complaint, added seven numbered paragraphs, repeated the prayer for relief, and attached EEOC documentation.[16]  The additional paragraphs state the history of Plaintiff's EEOC charges and the status of her Right to Sue Notices.[17] The first amended complaint does not allege any additional facts, or address any of the pleading deficiencies identified by the Court in its March

---

[13] *Id.*

[14] *Id.* at p. 24.

[15] *Id.*

[16] Rec. Doc. 28.

[17] *Id.*

18, 2015 Order.

The first amended complaint also attaches two separate Louisiana Commission on Human Rights Charges of Discrimination,[18] an EEOC Dismissal and Notice of Rights,[19] and a December 4, 2013 EEOC intake questionnaire with a two-page description of Plaintiff's claims.[20] In the latter document, Plaintiff states that in July 2011, Rodriguez "asked if I needed any help (referring to the bathroom)."[21] The Court understands this comment to be the July 2011 "inappropriate sexually oriented remark" that Plaintiff refers to in her original complaint. The document additionally refers to an incident that occurred on November 25, 2013, although Plaintiff does not provide any explanation or description of that incident or the parties involved.[22] She states that she reported the incident to her immediate supervisors and, on December 3, 2013, she "immediately became enraged and crying [sic] uncontrollably" when she saw Rodriguez's vehicle in the parking lot.[23] Plaintiff alleges that she  received a call of support from Bylsma, who instructed her to speak with Human Resources.[24] According to the document, Plaintiff declined to do so because Gwen Hager in the Human Resources Department "has issues with racial preference,"  failed to introduce herself or shake Plaintiff's hand on prior occasions, and "was not warm and came across quite snobbish."[25]

---

[18] Rec. Docs. 28-2, 28-4.

[19] Rec. Doc. 28-3.

[20] Rec. Doc. 28-1.

[21] *Id.* at p. 5.

[22] *Id.*

[23] *Id.*

[24] *Id.* at p. 6.

[25] *Id.*

Plaintiff states that she did not receive "empathy, sympathy, [or] emotional support" from the two white females in her direct chain of command, and that they failed to "check on [her] emotional state."[26] Also, Plaintiff alleges that Rodriguez had difficulty taking directives from an African American man and that she was informed that he would be permitted to work until his retirement in January 2014.[27]

Plaintiff filed her second amended complaint on March 27, 2015, the same day that she filed her first amended complaint. Her second amended complaint, which adopts the allegations of the original and first amended complaints, adds a statement that the EEOC issued a "Right to Sue letter" on March 25, 2015, attaches that EEOC notice, and repeats the prayer for relief.[28] The second amended complaint, again, does not address any of the pleading deficiencies identified by the Court in its March 18, 2015 Order.

On April 2, 2015, the Court granted the Plaintiff leave to file her third amended complaint, which adopts the allegations set forth in the previous complaints, adds a statement that the EEOC issued another Right to Sue letter on March 26, 2015, attaches that letter, and repeats the prayer for relief.[29] As with her previous complaints, Plaintiff still does not address any of the pleading deficiencies identified by the Court in its March 18, 2015 Order.

## II. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[26] *Id.*

[27] *Id.* at p. 5.

[28] *Id.*

[29] Rec. Doc. 33.

failure to state a claim upon which relief can be granted."[30] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[31] "Factual allegations must be enough to raise a right to relief above the speculative level."[32] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[33]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[34] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[35] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[36] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[37] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[38] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me

---

[30] FED. R. CIV. P. 12(b)(6).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[32] *Twombly*, 550 U.S. at 556.

[33] *Id.* at 570.

[34] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

[36] *Id.* at 679.

[37] *Id.* at 678.

[38] *Id.*

accusation."[39] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[40] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[41]

### III.  Port Defendants' "Rule 12(b)(6) Partial Motion to Dismiss"[42]

*A.    Parties' Arguments*

**1.    Port Defendants' Arguments in Support of Partial Dismissal**

Port Defendants move for dismissal of Plaintiff's claims of intentional infliction of emotional distress and violations of 42 U.S.C. §§§  1981,  1983, and 1985 against both Port Defendants, as well as Plaintiff's request for punitive damages against Bylsma.[43] They contend that, with respect to these claims, Plaintiff has failed to remedy any of the pleading deficiencies outlined by the Court in its March 18, 2015 Order, and that dismissal with prejudice is appropriate.[44] First, Port Defendants contend that this Court has already determined that "[a]s a matter of law, none of the facts alleged by Plaintiff rise to the level of outrageous conduct necessary to recover for a claim of IIED."[45]

---

[39] *Id.*

[40] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[41] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[42] Rec. Doc. 34.

[43] *Id.*

[44] Rec. Doc. 34-1 at p. 3.

[45] *Id.* at p. 4 (citing Rec. Doc. 26 at p. 16).

According to Port Defendants, none of Plaintiff's three amended complaints include any additional allegations regarding Plaintiff's purported IIED claim and, therefore, dismissal with prejudice of Plaintiff's IIED claim is appropriate.

Port Defendants next contend that Plaintiff has still failed to sufficiently allege a claim under 42 U.S.C. § 1983. They again refer to the Court's March 18, 2015 Order, wherein the Court held that "Plaintiff has failed to state a claim upon which relief may be granted with respect to her § 1983 claims against both the Port and Bylsma."[46] According to Port Defendants, none of Plaintiff's amended complaints address or include any additional allegations with respect to her section 1983 claim, and accordingly that claim should be dismissed with prejudice.[47]

Next, Port Defendants contend that Plaintiff's section 1981 claims against the Port and Bylsma in their official capacities should be dismissed as a matter of law because, as the Fifth Circuit has recognized, section 1981 claims cannot be maintained against a governmental entity.[48] Port Defendants also argue that Plaintiff has failed to allege a conspiracy claim, and that the Court has previously determined that "Plaintiff has therefore failed to state a conspiracy claim upon which relief may be granted."[49] Port Defendants aver that Plaintiff's amended complaints do not make any further conspiracy allegations and, since the Court has already found her conspiracy claims against the Port and Bylsma under sections 1981 and 1985 to be deficient, they should be dismissed with prejudice.[50] Finally, Port Defendants argue that Plaintiff has failed to amend her allegations with

---

[46] *Id.* at p. 5 (citing Rec. Doc. 26 at p. 21).

[47] *Id.*

[48] *Id.* at p. 6 (citing *Washington v. City of Gulfport*, 351 Fed. App'x 916, 918-19 (5th Cir. 2009)).

[49] *Id.* (citing Rec. Doc. 26 at p. 18).

[50] *Id.* at p. 7.

respect to punitive damages in any of her three amended complaints, and has failed to specify the capacity in which she was suing Bylsma and Rodriguez as requested by the Court.[51]

### 2. Plaintiff's Arguments in Opposition to Dismissal

In opposition to dismissal, Plaintiff states that:

> [Port] Defendants acknowledge the EEOC Right to Sue letters included in Plaintiff's Amended Complaint, Second Amended Complaint and Third Amended Complaint but Defendants fail to acknowledge the other exhibits submitted with those pleadings. Those other submissions, particularly Plaintiff's EEOC Intake Questionnaire contain allegations of enough facts to allow this court to draw a reasonable inference in favor of preserving Plaintiff's claims.[52]

Plaintiff advances no other argument, nor cites any legal authority, in opposition to the pending motion.

### 3. Port Defendants' Arguments in Further Support for Partial Dismissal

Port Defendants reaver that Plaintiff has failed to state a claim for IIED, and contend that "[t]he EEOC exhibits attached to Plaintiff's Amended Complaint . . . largely parrot the allegations in Plaintiff's Original Complaint."[53] They also submit that Plaintiff's original complaint alleges that Rodriguez continues to be employed by the Port and that his continued presence caused a hostile work environment, but her EEOC documents state that Rodriguez retired in January 2014, within two months of the allegedly offensive email.[54] Additionally, Port Defendants allege that Plaintiff's EEOC submission states that she received a "call of support" from Bylsma and instruction to contact

---

[51] *Id.*

[52] Rec. Doc. 35 at p. 2 (citing Rec. Doc. 28-1).

[53] Rec. Doc. 41 at p. 2.

[54] *Id.* at p. 3.

Human Resources, but that she declined to do so.[55]

Even if the additional allegations in the EEOC complaint are true, according to Port Defendants, they "still drastically miss the mark and fail to sufficiently allege an IIED claim under Louisiana law."[56] Port Defendants reaver that Plaintiff has failed to sufficiently allege a claim under section 1983 because she has not identified an official policy which caused her alleged injuries.[57] Port Defendants contend, again, that section 1981 does not afford a remedy against governmental entities such as the Port, and that "Plaintiff offers no rebuttal to this fundamental principle."[58] Port Defendants again contend that Plaintiff's amended complaints and attached exhibits fail to address or make any additional allegations with respect to the alleged section 1981 or 1985 conspiracy, or address the issue of punitive damages.[59]

**B.    *Analysis***

As a threshold issue, the Court must first determine whether it may appropriately consider the EEOC documents attached to Plaintiff's amended complaints on a motion to dismiss. Federal Rule of Civil Procedure 10(c) authorizes the incorporation of "any written instrument which is an exhibit" attached to a pleading and makes the material thus incorporated an integral part of that pleading for all purposes. The Fifth Circuit has applied Rule 10(c) in the employment discrimination context, holding that where a plaintiff attaches and fully incorporates an EEOC Charge into his

---

[55] *Id.*

[56] *Id.* (citing Rec. Doc. 8-1 at pp. 13-17).

[57] *Id.* at p. 5.

[58] *Id.*

[59] *Id.* at p. 6.

11

complaint, it becomes part of his complaint for all purposes.[60] In this case, Plaintiff's first, second, and third amended complaints identify and attach the EEOC or Louisiana Commission on Human Rights documents. Accordingly, pursuant to Rule 10(c) and precedent from this Circuit, the Court will consider these documents to be part of the pleadings.

Even considering the allegations contained in the exhibits to the pleadings, however, Plaintiff has not stated a claim against Port Defendants upon which relief may be granted. In its 24-page March 18, 2015 Order, the Court provided a detailed analysis of each of Plaintiff's claims against the Port Defendants, and noted the pleading deficiencies with respect to each allegation. Specifically, the Court found that Plaintiff's conclusory allegations lacked the requisite specificity to support a conspiracy claim.[61] The Court also found that, with respect to her section 1983 claim, Plaintiff failed to plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation.[62] Finally, the Court determined that, even construing the allegations in the complaint as true, Plaintiff has not alleged any facts that the two instances of alleged sexual harassment which occurred more than two years apart rise beyond insults, indignities, threats, annoyances, petty oppressions, or other trivialities, and that Plaintiff failed to allege facts suggesting that the Port Defendants intended to inflict severe emotional distress or could have foreseen that such distress would result.

In its March 18, 2015 Order, the Court found that Plaintiff failed to allege a single cause of

---

[60] *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

[61] The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice.").

[62] *McClure v. Biesenbach*, 355 F. App'x 800, 803 (5th Cir. 2008) (*citing Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

action against either Port Defendant, but granted her the opportunity to file an amended complaint

addressing the pleading deficiencies clearly identified by the Court therein, as follows:

> [T]he Court will grant Plaintiff leave to amend her complaint, if she chooses to do
> so, to sufficiently allege her Title VII and ADA claims against the Port; her § 1983
> claim against Bylsma; her request for punitive damages against Bylsma under §
> 1981, § 1983, and/or § 1985; and her conspiracy and IIED claims against both the
> Port and Bylsma. If Plaintiff chooses to amend her complaint, she is ordered to
> specifically allege the capacity in which she is suing both Bylsma and Rodriguez. If
> she fails to do so, or if she fails to provide sufficient factual support for each element
> of each allegation, then the Court will dismiss with prejudice the foregoing claims.[63]

Despite amending her complaint three times and attaching EEOC documents, and despite the clear

guidance provided by the Court, Plaintiff has failed to address the pleading deficiencies already

identified with respect to her IIED or 42 U.S.C. §§§  1981,  1983, and 1985 claims against Port

Defendants, or her request for punitive damages against Bylsma. Plaintiff's attachment of various

EEOC documents fails to remedy, in any way, these deficiencies.  Moreover, Plaintiff has failed to

make any effort to allege specifically the capacity in which she is suing Bylsma, as the Court

expressly ordered.[64]

Having determined that Plaintiff has failed to provide sufficient factual support for each

element of each allegation,[65] and for the reasons set forth in the Court's March 18, 2015 Order, the

Court will grant Port Defendants' Partial Motion to Dismiss. Plaintiff's IIED and section 1981,

1983, and 1985 claims against Port Defendants, and her request for punitive damages against

---

[63] Rec. Doc. 26 at p. 24.

[64] *Id.*

[65] *See id.*

Bylsma, are dismissed with prejudice.[66]

## IV.  Rodriguez's "Motion to Dismiss for Failure to State a Claim"[67]

**A.**     *Parties' Arguments*

**1.**     **Rodriguez's Arguments in Support of Dismissal**

Rodriguez, a former employee of the Port, also seeks dismissal of Plaintiff's claims against him. Rodriguez adopts the arguments presented in the Port Defendants' motion to dismiss and supporting memoranda.[68]  According to Rodriguez, the only allegations against him are: (1) that he allegedly "made an inappropriate sexually oriented remark" to Plaintiff in July 2011; and (2) that on or about November 23, 2013, "Rodriguez sent an inappropriate e-mail that was sexual in nature to [Plaintiff]."[69] However, he contends, Plaintiff has failed to assert any viable cause of action against him, despite amending her complaint three times.[70]

Rodriguez argues that the Title VII and ADA claims against him should be dismissed because, as this Court explained in its March 18, 2015 Order, "[t]he Fifth Circuit has consistently held that there is no individual liability for employees under Title VII" and other district courts "have recently concluded that the considerations precluding individual liability under Title VII apply with equal force in ADA actions."[71] The Court finds this reasoning persuasive. Rodriguez contends

---

[66] The Court notes that Port Defendants have not sought dismissal of Plaintiff's state discrimination law, ADA, or Title VII claims against the Port, or her FMLA claim against either Port Defendant. Therefore, those claims are not dismissed.

[67] Rec. Doc. 36.

[68] Rec. Doc. 36-1 at p. 1 (citing Rec. Docs. 8 and 34).

[69] *Id.* at p. 2 (citing Rec. Doc. 1 at p. 4).

[70] *Id.*

[71] *Id.* at p. 3 (citing Rec. Doc. 26 at p. 11).

that Plaintiff's state law discrimination claims against him should be dismissed because, as this Court has already recognized, the statute upon which Plaintiff relies has been repealed, and the current Employment Discrimination Statute, La. Rev. Stat. § 23:301, does not provide for liability for individual employees.[72] Rodriguez argues that Plaintiff has not and cannot allege that he was her employer or that he provided her with wages or compensation for her work.[73] Rodriguez also argues that he does not meet FMLA's definition of an "employer" because he had no supervisory authority over Plaintiff or any other Port employee.[74] According to Rodriguez, Plaintiff alleges that Bylsma was her supervisor and that the Port failed to designate her leave as FMLA leave, but she makes no such allegations against Rodriguez.[75]

With respect to Plaintiff's claim arising under section 1981, Rodriguez contends that Plaintiff fails to state whether such a claim is brought against him but, if it is, it must be dismissed because none of Plaintiff's complaints allege any race-based remarks by Rodriguez.[76] Rodriguez argues that section 1981 claims do not encompass claims of sex discrimination.[77] Even if Plaintiff alleged that the comments were motivated by race, Rodriguez contends, the two instances of alleged sexual harassment do not and cannot establish a prima facie case of race discrimination, as required under the *McDonnell Douglas* burden-shifting framework.[78]

---

[72] *Id.* at p. 4 (citing Rec. Doc. 26 at pp. 12–13).

[73] *Id.*

[74] *Id.* at p. 7.

[75] *Id.* (citing Rec. Doc. 1 at pp. 3, 5).

[76] *Id.*

[77] *Id.* (citing *Bobo v. ITT*, 662 F.2d 340, 341 (5th Cir. 1981)).

[78] *Id.* at p. 5 (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004)).

Rodriguez next argues that Plaintiff's section 1983 claim against him should be dismissed because Plaintiff has not, and cannot, allege that Rodriguez is a Port official because he was not a supervisor or manager at the Port.[79] According to Rodriguez, "[t]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[80] Also, Rodriguez argues that Plaintiff's conspiracy claim should be dismissed because, as this Court determined in its March 18, 2015 Order, she failed to plead the operative facts of an alleged conspiracy with specificity.[81] According to Rodriguez, Plaintiff has failed to provide any "additional specificity of a conspiracy or any involvement of Rodriguez" in any of her amended complaints or attachments thereto.[82]

Rodriguez next contends that Plaintiff has failed to sufficiently allege an IIED claim against him.[83] Even if Plaintiff's allegations against him are true, Rodriguez argues, they fail to even remotely rise to the level of extreme or outrageous conduct as required under Louisiana law to make out an IIED claim.[84] Finally, Rodriguez argues that because Plaintiff cannot make out any cause of action against him, her request for punitive damages should be dismissed with prejudice.[85]

## 2. Plaintiff's Arguments in Opposition

In opposition to Rodriguez's motion, Plaintiff states that her original and amended

---

[79] *Id.* at p. 6.

[80] *Id.* (citing *Webb. v. Morella*, 522 Fed. App'x 238, 241 (5th Cir. 2013)).

[81] *Id.* (citing Rec. Doc. 26 at p. 18).

[82] *Id.*

[83] *Id.* at p. 8.

[84] *Id.* at p. 9.

[85] *Id.*

complaints "contain factual allegations that, when accepted as true, compel this Court to draw a reasonable inference in favor of preserving [her] claims."[86] She incorporates by reference the allegations of fact and applications of law contained in her memorandum in opposition to the Port and Bylsma's Motion to Dismiss.[87]

Plaintiff does not address any of Rodriguez's arguments with respect to her claims arising under Title VII, ADA, state discrimination laws, section 1981, section 1983, section 1985, or with respect to punitive damages. Instead, Plaintiff solely addresses her IIED claim against Rodriguez, as follows:

> Rodriguez fails to acknowledge settled law that a defendant takes his victims as he finds them. Even though Rodriguez's actions may not have caused emotional distress in the ordinary individual, because of Ms. Mays' fragile emotional state his actions did cause her emotional distress. Because Ms. Mays informed Rodriguez of her emotional distress after the first incident, his repeated violation could only be considered as an intentional infliction of emotional distress.[88]

Plaintiff advances no other argument, nor cites any legal authority, in opposition to Rodriguez's motion.

### 3.    Rodriguez's Arguments in Further Support for Dismissal

In further support of his motion to dismiss, Rodriguez contends that Plaintiff's first amended complaint contradicts her IIED argument.[89] According to Rodriguez, Plaintiff claims that she "informed Rodriguez of her emotional distress" after the alleged July 2011 incident, but that the EEOC documentation attached to her first amended complaint indicates that she "did not respond"

---

[86] Rec. Doc. 43 at p. 2.

[87] *Id.* (citing Rec. Doc. 35).

[88] *Id.*

[89] Rec. Doc. 44-2.

to Rodriguez after the incident at issue.[90] Rodriguez contends that the alleged conduct at issue does not constitute extreme and outrageous conduct, as required to sustain an IIED claim.[91] Rodriguez requests that this Court dismiss with prejudice Plaintiff's Title VII, ADA, state law discrimination, section 1981, section 1983, conspiracy claim (section 1981 and 1985), FMLA, IIED, and punitive damages claims against him.[92]

**B.      Analysis**

In its March 18, 2015 Order, the Court found that Plaintiff failed to state a claim, under any theory of relief, against Bylsma in either his official or unofficial capacities. The analysis provided in that Order applies with equal force to Plaintiff's claims against Rodriguez. As stated above, despite having ample opportunity to amend her complaint and to provide briefing to the Court, Plaintiff has failed to address any of the pleading deficiencies identified in this Court's March 18, 2015 Order, or comply with the Court's clear instruction to specifically allege the capacity in which she is suing Rodriguez.[93] Plaintiff has failed to address or amend, in any way, her claims against Rodriguez arising under Title VII, ADA, state  discrimination, § 1981, §1983, § 1985, or FMLA, or her request for punitive damages. Moreover, she has failed to cite any legal authority at all to support any argument presented in her briefing.

Plaintiff's sole argument in opposition to the pending motion to dismiss is that Rodriguez is liable under an IIED theory "because of Ms. Mays' fragile emotional state."[94] Although Plaintiff

---

[90] *Id.* at p. 4.

[91] *Id.* at p. 6.

[92] *Id.*

[93] Rec. Doc. 26 at p. 24.

[94] *See* Rec. Doc. 43 at p. 2.

cites no legal authority in support of this statement, the Court understands her argument to be that the so-called "eggshell skull" doctrine, which requires a defendant to compensate a plaintiff for unforeseeable injury flowing from some pre-existing condition, entitles her to compensation under an IIED theory. The Fifth Circuit has instructed this principle has been applied only to pre-existing physical injuries, not to pre-existing mental conditions.[95] Plaintiff has not alleged that she has a pre-existing physical condition; accordingly, the eggshell skull doctrine is inapplicable here.

Moreover, this Court has previously acknowledged that with respect to an IIED claim, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[96] In *Robinson v. St. Tammany Parish Public Sch. Sys.*, this Court determined that "the distress must be so severe that 'no reasonable person could be expected to endure it.'"[97] In that case, this Court specifically noted that "while the defendant's knowledge that a plaintiff might be particularly susceptible to emotional distress is a factor to be considered, 'the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough.'"[98] Indeed, the defendant must have "intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like."[99] In this case, Plaintiff has not alleged any facts supporting her conclusory allegation that Rodriguez

---

[95] *See Munn v. Algee*, 924 F.2d 568 (5th Cir. 1991); *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487 (5th Cir. 2002),

[96] Rec. Doc. 26 at pp. 15-16.

[97] *Robinson v. St. Tammany Parish Pub. Sch. Sys.*, 983 F.Supp.2d 835, 852 (E.D. La .2013) (Brown, J.) aff'd, 569 Fed. App'x. 303 (5th Cir. 2014) (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1210 (La. 1991)).

[98] *Id.* (citing *White*, 585 So.2d at 1210).

[99] *Id.* (citing *White*, 585 So.2d at 1210).

was aware of her "fragile emotional state," nor has she alleged that Rodriguez intended or calculated to cause her severe emotional distress. The EEOC and Louisiana Commission on Human Rights documents, which are fully incorporated into Plaintiff's various complaints pursuant to Rule 10(c), do not allege these requisite facts.[100] In short, Plaintiff has not stated an IIED claim upon which relief may be granted.

Plaintiff additionally fails to allege any cause of action against Rodriguez arising under FMLA, which imposes liability upon employers that are subject to FMLA requirements.[101] A FMLA "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."[102]  This definition differs from a Title VII "employer," but it is substantially identical to an "employer" under the Fair Labor Standards Act ("FLSA").[103] A FLSA "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees."[104] In determining whether a defendant is an FLSA or FMLA employer, the Court must determine whether an individual "effectively dominates [the employer's] administration or otherwise acts, or has the power to act, on behalf of the [employer] vis-à-vis its employees."[105] However, individual liability does not automatically accompany supervisor responsibility; even among those in "supervisory positions, [t]he FMLA does

---

[100] *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

[101] *Hunt v. Rapides Healthcare System, LLC.*, 277 F.3d 757, 763 (5th Cir. 2001).

[102] 29 U.S.C. § 2611(4)(A)(ii)(I).

[103] *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006).

[104] *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

[105] *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

not contemplate holding individuals liable for corporate violations."[106] To determine if an individual is an employer under the FMLA, the Court considers "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[107]

In this case, Plaintiff has failed to allege that Rodriguez is an employer within the meaning of FMLA. She does not allege that Rodriguez has or had authority to make any employment decisions or exercise any independent control over whether Plaintiff could take FMLA leave. Plaintiff does not allege that Rodriguez was ever her supervisor or exercised any control over her day-to-day activities, or that Rodriguez had any authority to control the Port's compliance with FMLA. In fact, Plaintiff specifically alleges that her supervisor was Bylsma.[108] Accordingly, the Court finds that Plaintiff has not properly alleged that Rodriguez is her employer under FMLA, and accordingly her FMLA claims against Rodriguez must be dismissed.

With respect to the remainder of Plaintiff's claims against Rodriguez, this Court has already explained that there is no individual liability for employees under Title VII, the ADA, or state employment discrimination statutes.[109] Similarly, to state a claim under section 1983, a plaintiff must allege facts demonstrating that the defendant acted under state law; "[t]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or

---

[106] *Lubke v. City of Arlington*, 455 F.3d 489, 494 (5th Cir. 2006).

[107] *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted) (regarding FLSA employers).

[108] *See* Rec. Doc. 1 at pp. 3, 5.

[109] Rec. Doc. 26 at pp. 11-13.

21

wrongful."[110] Plaintiff has not alleged that Rodriguez was her supervisor or employer, or that he acted under color of state law. Therefore, her claims against Rodriguez arising under Title VII, the ADA, state employment discrimination statutes, and section 1983 must be dismissed with prejudice. Additionally, Plaintiff has not alleged any facts supporting her allegation that Rodriguez was part of a conspiracy to deprive her of her rights and privileges in violation of 42 U.S.C. §§ 1981 and 1985.[111] Furthermore, under 42 U.S.C. § 1981, Plaintiff has failed to allege or support any claim against Rodriguez on the basis of race. Section 1981 has no application to claims based on sex discrimination.[112] Therefore, Plaintiff's claims under section 1981 and 1985 must be dismissed. Finally, having failed to allege any cause of action against Rodriguez, Plaintiff cannot recover punitive damages from him.

The Court has already provided Plaintiff with clear guidance regarding the pleading deficiencies in her original complaint and has granted her three opportunities to amend her complaint to state a claim upon which relief may be granted. Nonetheless, Plaintiff has failed to state a claim against Rodriguez. Plaintiff has not requested leave to file a fourth amended complaint and, moreover, the Court finds that further amendment would prove to be futile.[113] Accordingly, for the reasons stated herein and in the Court's March 18, 2015 Order, the Court finds that Plaintiff has

---

[110] *Richard v. Hoechst Celanese Chem. Grp., Inc*., 355 F.3d 345, 352 (5th Cir. 2003).

[111] *See id.* at pp. 17–18.

[112] *Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *Taylor v. Shell Offshore, Inc.*, 700 F. Supp. 314, 315 (M.D. La. 1988) (Polozola, J.).

[113] *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

failed to sufficiently allege a single cause of action against Rodriguez. The Court will therefore grant Rodriguez's Motion to Dismiss[114] and dismiss with prejudice all of Plaintiff's claims against him.

## V. Conclusion

For the reasons stated herein and in the Court's March 18, 2015 Order,

**IT IS HEREBY ORDERED** that the Board of Commissioners, Port of New Orleans' and Ryan Bylsma's "Rule 12(b)(6) Partial Motion to Dismiss"[115] is **GRANTED**. Plaintiff's claims for intentional infliction of emotional distress and for violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 against both the Port and Bylsma, as well as her request for punitive damages against Bylsma, are **DISMISSED WITH PREJUDICE.**[116]

**IT IS FURTHER ORDERED** that Armand Rodriguez's "Motion to Dismiss for Failure to State a Claim"[117] is **GRANTED**. Plaintiff's claims against Rodriguez are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this   6th   day of July, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[114] Rec. Doc. 36.

[115] Rec. Doc. 34.

[116] The Court notes that Port Defendants have not sought dismissal of Plaintiff's state discrimination law, ADA, or Title VII claims against the Port, or her FMLA claim against either the Port or Bylsma. Therefore, those claims are not dismissed.

[117] Rec. Doc. 36.